This appeal concerns a decree of the Chancery Court of Pearl River County denying a petition filed by the Pearl River County Department of Public Welfare. The petitioner sought to terminate the parental rights of Lizzie and Ernest Powe, Sr., to six of their seven children. Edgar Allen Powe, who is now 22 years old, was not included in the petition to terminate. At the time of the trial the ages of the children involved ranged from four to sixteen years. The record reflects the children were removed from the Powe home and placed in foster care on April 7, 1978, where they have remained to this date.
Factually the chancellor found that the living conditions provided by the Powes for their children were sub-standard if not "sub-human," for this day, time, and place. The chancellor also found the Powes were very reluctant to cooperate with the welfare department to remedy the considerable shortcomings existing in their home environment. The welfare department's personnel first visited the Powes in February of 1976, and from that time until the filing of this action in April of 1981, after diligent efforts by the department to remedy the deplorable and "sub-human" conditions existing in the Powe home, very little, if any improvement was noted in the Powes' lifestyle, motivation, or parental skill to properly care for their children.
No issue was raised in the lower court concerning the Powes' mental or physical ability to raise and properly care for their children. Mr. Powe is presently 71 years old and has no formal education or employment. Mrs. Powe is 44 years old, unemployed, and has a sixth grade education. The termination petition was brought pursuant to Section 93-15-103, Mississippi Code Annotated 1972 (Supp. 1984), which states in pertinent part:
 (3) Grounds for termination of parental rights shall be based on one or more of the following factors:
 (a) A parent has deserted without means of identification or abandoned and made no contact with a child under the age of three (3) for six (6) months or a child three (3) years of age or older for a period of one (1) year; or
 (b) A parent has been responsible for a series of abusive incidents concerning one or more children; or
 (c) When the child has been in the care and custody of a licensed child caring agency for at least one (1) year, that agency has made diligent efforts to develop and implement a plan for return of the child to its parents, and:
 (i) The parent has failed to exercise reasonable available visitation with the child; or
 (ii) The parent, having agreed to a plan to effect placement of the child with the parent, fails to implement the plan so that the child caring agency is unable to return the child to said parent; or
 (d) The parent exhibits ongoing behavior which would make it impossible to return the child to the parent's care and custody: *Page 78 
 (i) Because the parent has a diagnosable condition unlikely to change within a reasonable time such as alcohol or drug addiction, severe mental deficiencies or mental illness, or extreme physical incapacitation, which condition makes the parent unable to assume minimally, acceptable care of the child; or
 (ii) Because the parent fails to eliminate behavior, identified by the child caring agency or the court, which prevents placement of said child with the parent in spite of diligent efforts of the child caring agency to assist the parent; or
 (e) When there is an extreme and deep-seated anitpathy by the child toward the parent or when there is some other substantial erosion of the relationship between the parent and child which was caused at least in part by the parent's serious neglect, abuse, prolonged and unreasonable absence, unreasonable failure to visit or communicate, or prolonged imprisonment.
The welfare department alleged that the Powes had abandoned their children for the statutory period and had through their long and well known course of conduct exhibited a callous indifference to the well being of the children.
The trial court found, on conflicting evidence, there had been no statutory abandonment. The chancellor had a substantial basis in the evidence for this conclusion and we therefore concur in it.
However, concerning the Powes' conduct in providing for the children's proper upbringing and needs, the chancellor held in his opinion, as a legal conclusion, that the welfare department had failed to meet the requirements for termination set forth inReyer v. Harrison Cty. Dept. of Public Welfare, 404 So.2d 1023
(Miss. 1981). On appeal, the welfare department contends the lower court erred in applying the standards stated in Reyer to determine whether parental rights should be terminated in this instance where different facts and issues are present.
Reyer involved a termination of parental rights action pursuant to Section 93-15-1, Mississippi Code Annotated (1972), (Repealed). The central issue to be decided in it was whether sufficient evidence had been presented to the trial court to justify the termination of the Reyers' parental rights based on mental unfitness. In our opinion the Reyer case is inapplicable and wholly distinguishable from the case at bar. First, Reyer
involves a termination statute which has since been repealed and replaced by Section 93-15-103, Mississippi Code Annotated 1972, (Supp. 1984). The new code section sets forth several specific grounds for termination in an effort to bring a more exacting standard to bear in parental rights termination cases. These newly worded standards stand in sharp contrast to their predecessors' "mentally, morally, or otherwise unfit to rear and train a child" general standard for termination of parental rights.
Secondly, no issue of mental unfitness was presented in the court below which was the main thrust of the Reyer case. In our opinion, the trial court erred in denying the termination petition based on the holdings in Reyer. The trial court specified it found the living conditions of the children provided by the Powes to be less than humane and stated it was of the opinion that it was unlikely the Powes would ever develop reasonable parenting skills. Unfortunately, despite these findings most favorable to the welfare department, it is apparent that an erroneous reliance on the Reyer case prompted the trial court to deny a petition for termination which otherwise ought to have been granted because of the ongoing course of conduct exhibited by the Powes and which they steadfastly refused to change made it impossible both at the time of trial and now to return the children to the custody of the parents.
Although aware of the great responsibility placed upon any court when determining whether a parent's fundamental right to rear their offspring should be terminated, we think we would be remiss in our duties if we did not terminate the parental rights to safeguard the childrens' greater right to *Page 79 
food, shelter, and opportunity to become useful citizens. After careful scrutiny of the record, we are convinced, based on the overwhelming evidence of the deplorable, subhuman living conditions afforded the Powe children, that the Powes' parental rights should be terminated. The record is replete with evidence that the Powes were given considerable opportunity and warning that they must change their lifestyle. Nothing was required of the Powes by the welfare department beyond the Powes providing their children with the most basic necessities for a healthy life which were well within the Powes' capabilities if they were so inclined. Therefore, based on the extraordinary record before us in this case we conclude the Powes' parental rights over the six children involved in this action be terminated and their custody placed in the Pearl River County Department of Public Welfare for permanency planning.
REVERSED AND RENDERED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.