HALL, Judge.
Passengers in an automobile owned by Rhonda Paddie and insured by West Bend Mutual Insurance Company, brought suit for injuries sustained in a two-car collision that occurred in Mansfield, Louisiana on February 26, 1984. Suit was brought against the driver of the other automobile and his insurer, Safeco Insurance Company of America, and against West Bend under its UM coverage of the Paddie automobile. West Bend filed an exception of lack of jurisdiction over the person based upon the *900 fact that the policy was sold to Rhonda Paddie, who is now a Louisiana resident, while she was a resident of Minnesota, and upon the fact that West Bend transacts no business in Louisiana. The exception was sustained and plaintiffs appealed.
While the case was pending on appeal, West Bend filed an exception of no right of action in this court, supported by attached documents which show that the case was tried before a jury, that judgment was rendered in favor of the plaintiffs for amounts within the limits of the Safeco policy, and that plaintiffs executed a satisfaction of judgment showing the amounts of the judgments were paid in full by Safeco. West Bend asserts the appeal is now moot and seeks damages for frivolous appeal, contending that plaintiffs’ continued prosecution of the appeal after finality of the judgments and satisfaction thereof is frivolous. On the other hand, plaintiffs contend that because serious issues of law are presented which should be resolved, the appeal is not frivolous.
It is apparent that since the judgments in favor of plaintiffs were for amounts within the limits of the Safeco policy, and since the plaintiffs have been paid in full by Safeco, plaintiffs have no cause of action or right to recover against West Bend under its UM coverage, even if the Louisiana court has jurisdiction. Accordingly, the issue of jurisdiction is now moot.
A moot case is one in which a judgment is sought that can have no practical effect. Courts will not render judgments on moot issues since such judgments serve no useful purpose and give no practical relief. Caldwell v. Planning Commission of Calcasieu Parish, 425 So.2d 262 (La.App. 3d Cir.1982), writs denied 430 So.2d 95 (La.1983). Since the issues presented by plaintiffs’ appeal have become moot, this appeal will be dismissed.
Plaintiffs’ claim was not moot when appeal was taken, and the appeal, rather than being frivolous, presented serious issues. Plaintiffs’ failure to advise West Bend of the finality of the judgment subsequently signed and the payment thereof during the pendency of appeal does not warrant the granting of damages for frivolous appeal.
Accordingly, the appeal is dismissed as moot, and the defendant’s request for damages for frivolous appeal is denied. Costs of the appeal are assessed to the plaintiffs.
APPEAL DISMISSED.