## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-IA-00845-SCT

*LAWRENCE COUNTY SCHOOL DISTRICT AND ESTATE OF JAMES A. BLACKMON, DECEASED*

*v.*

*CLAYTON BRISTER, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/1999 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TIMOTHY DALE CRAWLEY |
| | KENNETH S. WOMACK |
| | GREGG A CARAWAY |
| | JOE DALE WALKER |
| ATTORNEY FOR APPELLEE: | W. TERRELL STUBBS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/25/2001 |
| MOTION FOR REHEARING FILED: | 11/26/2001; denied 8/15/2002 |
| MANDATE ISSUED: | 8/22/2002 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Clayton Brister, Jr. instituted this personal injury action pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001), in the Lawrence County Chancery Court against the Lawrence County School District (School District) and the Estate of James A. Blackmon. The School District filed a motion to transfer the case to the Lawrence County Circuit Court, alleging that the chancery court lacked subject matter jurisdiction. The chancery court denied the motion, and the School District brought this interlocutory appeal. We reverse and remand.

## I.

¶2. On May 7, 1997, a Lawrence County school bus driven by James A. Blackmon collided with a pickup truck driven by Clayton Brister, Jr. Brister sustained serious injuries in the accident, and Blackmon died at the scene. On April 3, 1998, Brister filed suit in the Lawrence County Chancery Court against the Lawrence County School District and the Estate of Blackmon. In its answer, the School District challenged the jurisdiction of the chancery court to hear the matter and sought to have the action either dismissed or transferred to the circuit court. The chancellor denied the requested relief.

¶3. On April 21, 1999, the School District renewed its motion to transfer the matter to the circuit court. Following a hearing, the chancellor again denied the motion and set the case for trial. We granted this interlocutory appeal pursuant to M.R.A.P. 5 to resolve the following issue:

WHETHER THE CHANCERY COURT HAS SUBJECT MATTER JURISDICTION OVER A CLAIM FILED PURSUANT TO THE MISSISSIPPI TORT CLAIMS ACT.

## II.

¶4. The Mississippi Tort Claims Act classifies the School District as a political subdivision. Miss. Code Ann. § 11-46-1(i) (Supp. 2001). Therefore, Brister may only recover for his injuries by following the statutory scheme proscribed by the Act, which he has done. The chancellor explained his reasoning as follows:

> The court is satisfied that I do have jurisdiction. The court is satisfied that had the legislature in their infinite wisdom desired that these matters be tried before the circuit court [they] would have said so in their statutes dealing with the Tort Claims Act. [The] Tort Claims Act provides for a trial by a finder of fact, being the Judge who is sitting. It has customarily and, in fact, this court could probably argue that when they set-up this statute, their intent was that it be done in chancery court because the circuit judges of this state are typically sitting on jury trials, not on non-jury trials. The chancery courts have over the years been designated as the non-jury trial venue with chancery court having very limited rights to, in fact give a jury to anyone, and not saying that the chancery court is any better capable of trying a non-jury trial.

¶5. While it is true that the Tort Claims Act is silent as to the court of jurisdiction, our constitution is not. Under the Mississippi Constitution, chancery courts are courts of limited jurisdiction and may hear all matters in equity, divorce and alimony, matters testamentary and of administration, minors' business, cases of idiocy, lunacy, and persons of unsound mind, and all cases under the laws in force at the time of the adoption of Constitution. Miss. Const. art. 6, § 159(a)-(f) (1890). Circuit courts, on the other hand, are courts of general jurisdiction, having "original jurisdiction in all matters civil and criminal in this state not vested in another court." *Id.* § 156.

¶6. Negligence actions should be brought in circuit court. When a plaintiff's complaint neither requests nor requires equitable relief, a chancery court should not exercise jurisdiction. ***McLean v. Green***, 352 So. 2d 1312, 1314 (Miss. 1977). The fact that one of the parties to this matter is an estate is insufficient to bring this case within the equitable jurisdiction of the chancery court. In fact, Miss. Code Ann. § 91-7-233 (2000) empowers an executor to bring any personal action "at law or in equity" on behalf of the deceased. Therefore, the mere fact that an estate is involved in a civil action does not mean that the civil action must be brought in the chancery court.

¶7. Moreover, Brister has no claim against the Estate of James A. Blackmon. Blackmon is not accused of any conduct which removes his action from the scope of immunity provided for governmental employees. *See* Miss. Code Ann. §§ 11-46-7(2) & -9 (Supp. 2001). Since Blackmon is dead, he cannot be a "representative" of Lawrence County. Moreover, even if an estate could be sued as "representative" of its deceased's employer that would not gain chancery court jurisdiction for a suit against one in a representative capacity is not a suit against that person at all but in reality a suit against the entity represented. Miss. Code Ann. § 11-46-7(2) (Supp. 2001); *see also* ***Mosby v. Moore,*** 716 So. 2d 551, 557 (Miss. 1998)("A suit against a public official in his official capacity is nothing more than a suit against the entity.") (citing ***Hafer v. Melo***, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)).

¶8. The Mississippi Constitution requires that causes erroneously brought in chancery court be transferred

to the appropriate circuit court. Miss. Const. art. 6, § 162. This provision is mandatory, and a chancellor has no discretion in this matter. *McLean*, 352 So. 2d at 1314.

III.

¶9. We, therefore, reverse the order of the chancery court and remand this matter to that court with directions to enter an order transferring this cause to the Lawrence County Circuit Court.

¶10. **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶11. The Mississippi Tort Claims Act classifies the School District as a political subdivision. Miss. Code Ann. § 11-46-1(i) (Supp. 2001). Therefore, Brister may only recover for his injuries by following the statutory scheme prescribed by the Act, and this he has done. The chancellor explained his reasoning as follows:

> The court is satisfied that I do have jurisdiction. The court is satisfied that had the legislature in their infinite wisdom desired that these matters be tried before the circuit court [they] would have said so in their statutes dealing with the Tort Claims Act. [The] Tort Claims Act provides for a trial by a finder of fact, being the Judge who is sitting. It has customarily and, in fact, this court could probably argue that when they set-up this statute, their intent was that it be done in chancery court because the circuit judges of this state are typically sitting on jury trials, not on non-jury trials. The chancery courts have over the years been designated as the non-jury trial venue with chancery court having very limited rights to, in fact give a jury to anyone, and not saying that the chancery court is any better capable of trying a non-jury trial.

> **I. The Mississippi Tort Claims Act does not preclude chancery court jurisdiction over suits brought under the Act.**

¶12. The Tort Claims Act provides as follows:

> Jurisdiction for any suit filed under the provisions of this chapter shall be in the court having original or concurrent jurisdiction over a cause of action upon which the claim is based. The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter.

Miss. Code Ann. § 11-46-13(1) (Supp. 2001).

¶13. This jurisdictional statute is silent as to which court may entertain a suit brought under the Act, so long as that court has subject matter jurisdiction. Nothing in this section forbids suits brought under the Tort Claims Act from being heard in the chancery courts.

¶14. In fact, the chancery courts have historically had jurisdiction to entertain lawsuits against public officials which are, in effect, tort claims cases. The afore-quoted statute simply conferred upon the circuit courts the

same jurisdiction over these types of cases that the chancery courts have long enjoyed. For example, investigations into white-collar crime by public officials may now be pursued in either the circuit or chancery courts. Miss. Code Ann. § 7-5-59(3)(a) (1991). The Tort Claims Act merely vested in the circuit courts the same jurisdiction to hear lawsuits against public officials that already existed in the chancery courts.

¶15. The Tort Claims Act is a purely statutory scheme which provides that actions under it are to be tried by a Judge, and the act does not specify that such actions be brought in either the chancery or circuit courts. This is analogous to the statutory scheme of the Jones Act, which provides that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer or in which his principal office is located." 46 U.S.C. § 688. We have held that claims under the Jones Act may be brought in the circuit courts or in the chancery courts, so long as the parties did not demand a jury. ***Texaco, Inc. v. Addison,*** 613 So. 2d 1193, 1198 (Miss. 1993).

¶16. In contrast, the Gaming Control Act is also a purely statutory creation. Its jurisdictional statute specifies that appeals of Gaming Commission orders must be brought "<u>in the circuit court</u> of the county in which the dispute between the licensee and the patron arose." Miss. Code Ann. § 75-76-167(1) (2000) (emphasis added). The Legislature intended that these suits only be heard by the circuit courts, and it therefore stated as much in the jurisdictional statute of the Gaming Act.

¶17. Had the Legislature intended that lawsuits brought under the Tort Claims Act only be heard in the circuit courts, it would have so stated, as it did in the Gaming Control Act. Because the statute is silent on this matter, it cannot be inferred that exclusive jurisdiction is granted to the circuit courts. In fact, the Legislature specifically conferred jurisdiction on "the court having original or **concurrent** jurisdiction over a cause of action upon which the claim is based." Miss. Code Ann. § 11-46-13(1) (Supp. 2001) (emphasis added). By referring to "concurrent jurisdiction," the Legislature clearly indicated that more than one court could have jurisdiction.

¶18. The fact that lawsuits brought under the Tort Claims Act have been adjudicated exclusively in the circuit courts in the past does not bar them from being heard by chancery courts in the future. "Equity jurisdiction permits innovation that justice may be done. *That there is no precedent for the precise relief sought is of no consequence.* Courts of equity have all remedial powers necessary to the particular case, except those that are expressly forbidden by law." ***Hall v. Wood***, 443 So. 2d 834, 842-43 (Miss. 1983) (emphasis added).

¶19. We have also acknowledged that the traditionally rigid jurisdictional distinctions between the circuit and chancery courts have been relaxed. "We find here practical authority for the virtual obliteration of the lines of demarcation between courts of law and equity, if the judges and chancellors of the inferior courts choose to disregard, or fail to observe the distinguishing lines." ***Texaco, Inc.,*** 613 So. 2d at 1198.

¶20. This concept is neither new nor novel. In ***Tideway Oil Programs, Inc. v. Serio,*** 431 So. 2d 454 (Miss. 1983), we followed our reasoning in ***Hall*** to allow chancery courts to award punitive damages, a practice that had been barred by custom.

> Claims for punitive damages have traditionally been thought of as legal, not equitable claims. Yet our chancery courts have long been vested with a pendent jurisdiction to hear and adjudicate claims at law. *Once chancery court subject matter jurisdiction otherwise attaches, our chancery courts are fully empowered to grant wholly "legal" relief.*

*Id.* at 464 (emphasis added).

¶21. For these reasons, nothing in the Tort Claims Act itself or our prevailing case law required Brister to file his action in the circuit court. The tradition of bringing these claims in the circuit courts does not preclude chancellors from hearing them, pursuant to the chancery court's subject matter and pendent jurisdiction.

## II. The chancery court has jurisdiction over this case.

¶22. The Mississippi Constitution specifically grants jurisdiction to chancery courts over all issues of equity and over probate matters dealing with estates. Miss. Const. art. 6, §159 (a) & (c). In filing his action, Brister sued both the Lawrence County School District and the Estate of James Blackmon as joint defendants. He was within his rights to do so.

¶23. Section 11-46-7(2) of the Tort Claims Act provides that "[a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable. . . . ." Because Blackmon was acting within the course and scope of his employment at the time of the accident, he (or his estate) may be sued along with the School District and is entitled to indemnification by the School District for any monetary judgment rendered against him up to the limits of the School District's insurance policy. Miss. Code Ann. § 11-46-7(3) (Supp. 2001).

¶24. While it is true that Blackmon's estate is indemnified against any civil judgment under the Tort Claims Act, that fact does not render it a "nominal party," as the School District contends. Section 11-46-7(3) places an affirmative duty on the School District to provide a defense for Blackmon's estate, and the record reveals that here the same attorneys represented both defendants in the trial court and on appeal.

¶25. The Mississippi Constitution vests in the chancery court, jurisdiction over the administration of estates, including lawsuits against estates. *See **Evans v. Mississippi Power Co.,*** 206 So. 2d 321, 323 (Miss. 1968) (holding that the State of Mississippi conferred jurisdiction on the chancery court to try all suits affecting the title to real property, to probate wills, to administer estates, and to determine heirship). Because the Estate of Blackmon is a co-defendant of the School District, the Lawrence County Chancery Court properly assumed jurisdiction over this matter.

¶26. We have stated:

> It is settled beyond question in this jurisdiction that where a suit is brought in the chancery court and the court takes jurisdiction *on any one ground* of equity, it will proceed in the one suit to a complete adjudication and settlement *of every one of all the several disputed questions materially involved in the entire transaction*, awarding by a single comprehensive decree all appropriate remedies legal as well as equitable, although all the other questions involved would otherwise be purely of legal cognizance; and if the ground of equity fails under the proof, the cause may be retained for a complete final decree on the remaining issues, although the latter present legal subjects only and the decree would cover only legal rights and grant none but legal remedies.

***Shaw v. Owen,*** 229 Miss. 126, 132-33, 90 So. 2d 179, 181 (1956) (emphasis added). We acknowledged a chancery court's pendent jurisdiction over issues of law more recently in ***Tillotson v. Anders,*** 551 So. 2d 212 (Miss. 1989). "Where there appears from the face of a well-pleaded complaint an independent basis for equity jurisdiction, our chancery courts may hear and adjudge law claims." ***Id***. at

213 (citations omitted). Because Brister's claim against the Estate of Blackmon falls within the constitutional jurisdiction of the chancery court, this Tort Claims Act case may be heard and adjudicated within the pendent subject matter jurisdiction of the chancery court.

¶27. When it enacted the Mississippi Tort Claims Act, the Legislature provided that lawsuits initiated pursuant to the Act may be brought in any court having original or concurrent jurisdiction over a cause of action upon which the claim is based and because one defendant in the instant case is an estate, the chancery court has jurisdiction pursuant to the Mississippi Constitution. The judgment of the Lawrence County Chancery Court should be affirmed. Accordingly, I dissent.

**DIAZ AND EASLEY, JJ., JOIN THIS OPINION.**

**DIAZ, JUSTICE, DISSENTING FROM THE DENIAL OF THE MOTION FOR REHEARING:**

¶28. In keeping with the dissent to the majority's opinion in this case, I also disagree with the denial of Brister's Motion for Rehearing. The crux of the matter is whether this case was properly before the chancery court. I find that it was.

¶29. The pertinent section of the Mississippi Tort Claims Act (MTCA) provides as follows:

> Jurisdiction for any suit filed under the provisions of this chapter shall be in **the court having original or concurrent** jurisdiction over a cause of action** upon which the claim is based. **The judge of the appropriate court shall hear** and determine, without a jury, any suit filed under the provisions of this chapter.

Miss. Code Ann. § 11-46-13(1) (2002)(emphasis added). According to this statute, an "appropriate court" is a court having original **or concurrent jurisdiction over a cause of action**. Further, the "appropriate court" shall decide any suit initiated under the MTCA as long as that court has subject matter jurisdiction. The MTCA does not define "appropriate court." Although lawsuits brought under the MTCA have customarily been adjudicated in the circuit courts, there is no statutory or constitutional bar against their being heard by chancery courts.

¶30. In the statute quoted above, the Legislature refers to concurrent jurisdiction. Obviously this means that more than one court can properly hear a case. Brister sued the Lawrence County School District and the Estate of James A. Blackmon as joint defendants. Article 6, § 159 of the Mississippi Constitution empowers the chancery court with jurisdiction over matters pertaining to the administration of estates. Article 6, § 156 prescribes the jurisdiction of circuit courts. In construing the case at hand in light of these constitutional provisions, Brister could have properly brought suit in *either* the chancery court or the circuit court, as either court would have subject matter jurisdiction.

¶31. Further, it is not uncommon for chancery and circuit courts to have concurrent jurisdiction, thus allowing a plaintiff to bring suit in either court. For example, the circuit court generally has jurisdiction over a contract action, but when there is a dispute involving real property, the plaintiff must bring it in chancery court or if he sues for strictly a breach of contract, he may bring it in circuit court. Art. 6, § 159 of the Mississippi Constitution gives the chancery court jurisdiction over matters involving divorce, alimony and child support. However, when a bond is required to secure the payment of child support and the defendant fails to pay, the plaintiff can bring suit against the sureties in chancery or circuit court. In wording the above

statute, the Legislature took into consideration that although torts generally fall in the domain of the circuit court, an action under the Tort Claims Act could foreseeably involve matters normally within the jurisdiction of the chancery court. By saying the "court having original or concurrent jurisdiction[,]" the Legislature allowed for jurisdiction by whichever court is more appropriate in any given situation.

¶32. Where the chancery court has exercised its equity jurisdiction, it may proceed to a complete adjudication of the suit and award all appropriate legal and equitable remedies. *Leaf River Forest Prods., Inc. v. Deakle,* 661 So.2d 188, 193 (Miss. 1995) (citing *Shaw v. Owen,* 229 Miss. 126, 132-33, 90 So.2d 179, 181 (1956)); *First Nat'l Bank of Vicksburg v. Middleton,* 480 So.2d 1153, 1156 (Miss.1985). *See also Morgan v. U.S. Fid. & Guar. Co.,* 222 So.2d 820, 826 (Miss.1969). This complete adjudication includes the award of any punitive damages where appropriate, although the chancery court has actual subject matter jurisdiction over such claims rather than merely pendent jurisdiction. *Tideway Oil Programs, Inc. v. Serio,* 431 So.2d 454, 464 (Miss.1983).

¶33. The Mississippi Legislature provides that lawsuits pertaining to the MTCA may be properly brought in any "court having original or concurrent jurisdiction[.]" Miss. Code Ann. § 11-46-13(1). Inasmuch as Brister's claim against Blackmon's estate is constitutionally within the jurisdiction of the chancery court, this case, even though it involves the MTCA, may be heard by the chancery court. Accordingly, I disagree with the majority's decision to deny Brister's Motion for Rehearing.

    **EASLEY, J., JOINS THIS OPINION.**