¶ 1. This interlocutory appeal by the City of Ridgeland presents to this Court the sole question of whether the chancery court has subject matter jurisdiction over a lawsuit brought under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002). Adhering to our recent decision in Lawrence County School District v. Brister,823 So.2d 459 (Miss. 2001), we hold that it does not and reverse and remand for a transfer of this case to the circuit court.
 FACTS
¶ 2. Karen Ross Fowler, a twenty-year-old minor, was driving along Pear Orchard Road in Ridgeland, Madison County, Mississippi, in March of 2000. At the same time, officers of the City of Ridgeland Police Department were pursuing and attempting to apprehend a suspect near the intersection of North Park Drive and Pear Orchard Road. A collision is alleged to have occurred between the pursued vehicle of the suspect and Fowler when the suspect lost control of his vehicle. Fowler *Page 212 
sustained numerous injuries and underwent various surgeries and medical procedures.
¶ 3. Her parents, Donald and Glenda Fowler, filed suit in Madison County Chancery Court against the City of Ridgeland, City of Ridgeland Police Department, Police Chief Charles Newell and Donald Martin (hereinafter "City of Ridgeland") on behalf of themselves and their daughter seeking remedies in equity and at law. Among other remedies, the suit sought a temporary restraining order to command the City of Ridgeland to preserve Fowler's car, to allow the plaintiffs access to photograph and inspect the car, and to provide an inventory of evidence taken in connection with the collision. Further, the Fowlers sought injunctive relief to ensure the proper training of officers in the use of force and in pursuit situations. The Fowlers also asked for damages against the City of Ridgeland for the negligent supervision and behavior of its employees as well as damages against the individual employees. The Fowlers contend that the Chancery Court of Madison County is vested with jurisdiction over this case because of the equitable nature of the remedies sought.
¶ 4. The City of Ridgeland filed a Motion to Dismiss or In the Alternative to Transfer Case to Circuit Court, which the city maintains is the court of proper jurisdiction for a tort claims case. The chancellor denied this motion. The City then moved for interlocutory appeal. The trial court granted this motion but refused to stay the proceedings. By order, this Court granted the City's Petition for Permission to File Interlocutory Appeal and Motion for Stay of Proceedings, staying all proceedings pending resolution of the merits of the appeal. See M.R.A.P. 5.
 DISCUSSION
¶ 5. We have previously settled this issue in Lawrence CountySchool District v. Brister, 823 So.2d 459 (Miss. 2001), where we stated:
 While it is true that the Tort Claims Act is silent as to the court of jurisdiction, our constitution is not. Under the Mississippi Constitution, chancery courts are courts of limited jurisdiction and may hear all matters in equity, divorce and alimony, matters testamentary and of administration, minors; business, cases of idiocy, lunacy, and persons of unsound mind, and all cases under the laws in force at the time of the adoption of Constitution. Miss. Const. Art. 6 § 159(a)-(f) (1890). Circuit courts, on the other hand, are courts of general jurisdiction, having `original jurisdiction in all matters civil and criminal in this state not vested in another court.' Id. § 156.
823 So.2d at 460. This Court went on to say that circuit court was the appropriate venue for negligence actions. "When a plaintiff's complaint neither requests nor requires equitable relief, a chancery court should not exercise jurisdiction." Id. (citing McLean v. Green, 352 So.2d 1312, 1314 (Miss. 1977)).
¶ 6. Brister is not the first time that this Court has spoken on the distinctions between cases properly brought in chancery court versus circuit court. In United States Fidelity Guaranty Co. v. Estate ofFrancis, 825 So.2d 38 (Miss. 2002), this Court discussed the chancery court's lack of subject matter jurisdiction in a consolidated underinsured motorist carrier and insured's action against a carrier. Although the final judgment could not be reversed for jurisdictional error alone, this Court agreed with USF G that the chancery court did not have subject matter *Page 213 
jurisdiction over the lawsuit.[1] Id. at 49. The first case this Court cited in agreement with USF G was McLean, 352 So.2d at 1314. 825 So.2d at 44. McClean states that "when an action at bar arises from a tort claim, courts of equity should not assume jurisdiction over claims for personal injury." McLean, 352 So.2d at 1314. One reason offered in support of our holding was that, historically, tort claims have been tried by a jury. Id. As in Estate of Francis, this Court was unable to reverse because of absence of error other than jurisdiction. Id. (citingMcLean, 352 So.2d at 1314). However, this Court further stated that despite the mandate of § 147 of the Mississippi Constitution, "we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to a trial by jury remains inviolate." Estate of Francis, 825 So.2d at 45 (quoting McLean, 352 So.2d at 1314)(citing Talbot Higgins Lumber Co. v. McLeodLumber Co., 147 Miss. 186, 113 So. 433 (1927)). See also Blackledge v.Scott, 530 So.2d 1363, 1365 (Miss. 1988); Robertson v. Evans,400 So.2d 1214 (Miss. 1981).
¶ 7. This Court has reversed the judgment of a trial court when error other than lack of subject matter jurisdiction has been found.Southern Leisure Homes, Inc. v. Hardin, 742 So.2d 1088 (Miss. 1999);Blackledge v. Scott, 530 So.2d 1363 (Miss. 1988). In Blackledge, this Court reversed the Chancery Court of Claiborne County, holding the suit was outside the subject matter jurisdiction of the chancery court.Blackledge, 530 So.2d at 1365-66.
¶ 8. Blackledge involved a rear-end collision. Id. The plaintiffs alleged the chancery court jurisdiction was proper because the matter would be "too complicated for a jury" and discovery expense in circuit court would be exorbitant. Id. at 1365. The chancellor agreed with the plaintiff's argument and accepted jurisdiction over the entire matter.Id. Recognizing that § 147 prohibits reversal upon jurisdictional grounds alone, this Court found the suit against the three insurance companies involved amounted to a fraudulent joinder as to venue and reversed since errors in venue are not within the § 147 bar. Id. at 1365-66.
¶ 9. In Southern Homes, this Court held that matters historically tried by a jury, such as breach of contract claims are best heard in circuit court. 742 So.2d at 1090. Southern Homes cited Article 6, § 159 of the Mississippi Constitution of 1890 which provides that:
 The chancery court shall have full jurisdiction in the following matters and cases, viz:
 (a) All matters in equity
 (b) Divorce and alimony
 (c) Matters testamentary and administration
 (d) Minor's business
 (e) Cases of idiocy, lunacy and persons of unsound mind
 (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Article 6, § 162 of the Constitution provides that "all causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court."Southern Homes, 742 So.2d at 1090. This Court also held that if doubts arise as to the jurisdiction of the chancery court, and whether a claim is legal or equitable, those *Page 214 
doubts should be decided in favor of transfer to circuit court. Id.Southern Homes appropriately cites McDonald's Corp. v. Robinson Indus.,Inc., 592 So.2d 927, 934 (Miss. 1991), which states that "it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction." Id.
¶ 10. Southern Homes followed the correct procedure by filing an interlocutory appeal with this Court before a final judgment was issued on the merits of the case because the Mississippi Constitution prohibits reversal on a jurisdictional issue following a trial on the merits. Id.
at 1091. This Court was able to grant the interlocutory appeal and ordered the case transferred to circuit court. Id.
¶ 11. As Southern Homes indicates, it is appropriate to seek permission to bring an interlocutory appeal under M.R.A.P. 5 to address the issue of subject matter jurisdiction in order to prevent a final resolution of the case in an inappropriate forum. Id. See also Estate ofFrancis, 825 So.2d at 46. This is exactly the procedural posture of the case at bar.
¶ 12. Here, the Fowlers use allegations of the necessity of an accounting and requests for a temporary restraining order and injunctive relief as a means of support for chancery jurisdiction. Of course, since the Ridgeland Police Department had already returned the automobile of the Fowlers prior to their filing suit, the injunction argument had to be abandoned. The Fowlers are thus left clinging to the sole claim that an accounting is necessary and thus chancery jurisdiction attaches. As far as the accounting claim is concerned, the City of Ridgeland is correct, any accounting which might be required is easily developed during discovery in circuit court.
¶ 13. Circuit court is the proper court for a tort claims actcase. As we further stated in Brister, "The Mississippi Constitution requires that causes erroneously brought in chancery court be transferred to the appropriate circuit court. Miss. Const. art. 6 § 162. This provision is mandatory, and a chancellor has no discretion in this matter. McLean, 352 So.2d at 1314." 823 So.2d at 461 (emphasis added). This Court reversed and remanded the case for transfer to the proper court, Lawrence County Circuit Court. Here, as in Brister, not only is it proper, the Circuit Court of Madison County is the only court of jurisdiction for the case at bar.
 CONCLUSION
¶ 14. This case was filed in the wrong court. Subject matter jurisdiction here is properly in the circuit court. Therefore, we reverse the chancery court's order denying the City's motion to dismiss or transfer to circuit court, and we remand this case to the chancery court for entry of an order transferring this case to the Madison County Circuit Court.
¶ 15. REVERSED AND REMANDED.
PITTMAN, C.J., WALLER, COBB AND CARLSON, JJ., CONCUR. GRAVES, J.,CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTENOPINION. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BYDIAZ, J. EASLEY, J., JOINS IN PART.
[1] USF G filed a petition for interlocutory appeal with this Court six days before the trial. The petition was not considered by this Court until after a final judgment had been rendered on the merits of the case; therefore, it was denied as moot.