982 So.2d 463 (2008)
Bonnie HARVEY, Appellant
v.
STONE COUNTY SCHOOL DISTRICT, Appellee.
No. 2006-CP-01789-COA.
Court of Appeals of Mississippi.
January 8, 2008.
*464 Bonnie Harvey, Appellant, pro se.
Trace D. McRaney, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Bonnie Harvey, proceeding pro se, appeals the Circuit Court of Stone County's denial of her motion to vacate the court's award of summary judgment to the Stone County School District on Harvey's personal injury claim under the Mississippi Tort Claims Act. Harvey contends that the circuit court (1) improperly decided the disputed facts of the case and thus was deprived of subject matter jurisdiction, (2) accepted as fact the unsworn, unverified, and undocumented theories and conclusions of the school district's counsel, (3) *465 totally ignored Harvey's unrebutted, sworn testimony, (4) disregarded Harvey's repeated notices that the school district's counsel had acted in utmost bad faith by refusing to comply with Harvey's requests for production of documents, (5) refused to enforce Harvey's discovery requests, and (6) permitted defense counsel to bully and harass Harvey. Harvey asserts that, as a result of such errors, she was denied due process of law. Finding no reversible error, we affirm the circuit court's denial of Harvey's motion to vacate.

FACTS AND PROCEDURAL HISTORY
¶ 2. On April 11, 2001, Harvey filed a complaint in the Stone County Circuit Court asserting claims against the Stone County School District. The complaint alleged that Harvey, while a student at Stone County High School, suffered an injury to her back during cheerleading practice as a result of the school district's negligence. On August 17, 2001, Harvey's attorney filed a motion for leave to withdraw as counsel, and on February 27, 2002, the trial court issued an order allowing the attorney to withdraw and granting Harvey thirty days to obtain new counsel. On April 2, 2002, Harvey filed a motion for enlargement of time to obtain new counsel, which the trial court granted; however, Harvey later filed an entry of appearance notifying the trial court that she would be proceeding pro se.
¶ 3. On July 3, 2002, the school district filed a motion to compel seeking an order compelling Harvey to respond to its interrogatories and requests for production. The motion was noticed for hearing on July 15, 2002, and Harvey was noticed accordingly.[1] Harvey, however, failed to appear for the hearing, and the circuit court entered an order compelling Harvey to provide the requested discovery by no later than July 29, 2002, and notifying her that failure to so provide could result in dismissal of her claim. On August 7, 2002, the school district filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 37 and for failure to prosecute, claiming that Harvey had not provided the discovery responses within the time period set forth by the circuit court.[2] Harvey did not file a response to the school district's motion to dismiss, nor did she appear at the hearing on such motion.[3] On September 24, 2002, the trial court granted the school district's motion to dismiss, thereby dismissing Harvey's claims with prejudice. Harvey appealed the dismissal, and this Court reversed and remanded, finding that dismissal with prejudice was too harsh and extreme a remedy for a discovery violation under the circumstances. Harvey v. Stone County Sch. Dist., 862 So.2d 545 (Miss.Ct. App.2003).
¶ 4. After the case was remanded, the school district filed a motion for summary judgment based on the contention that it was immune from liability under Mississippi Code Annotated section 11-46-9(1)(d), *466 which provides that a governmental entity and its employees acting within the course and scope of their employment are not liable for a claim based on the performance of a discretionary function. Miss.Code Ann. § 11-46-9(1)(d) (Rev.2002). The school district argued that the cheerleading sponsor's decision with respect to the supervision of the cheerleading practice in question was clearly discretionary. In her response to the motion for summary judgment, Harvey argued that the court was not permitted to accept as fact defense counsel's statements that the cheerleading sponsor was a qualified and certified employee of the school district and that the decisions of the cheerleading sponsor acting in the course and scope of her employment with the school district were discretionary. Harvey further argued that whether the supervision of cheerleading is a discretionary act was in dispute.
¶ 5. Along with her brief in opposition to the summary judgment motion, Harvey filed a cross motion for partial summary judgment, arguing that she was injured in a school cheerleading accident while under the care and guidance of personnel apparently employed by the Stone County School Board and that the school board had failed or refused to verify that any person was present at the cheerleading function who was properly trained, certified as required by law, and properly supervised. Harvey also attached an affidavit stating as follows: (1) "I have repeatedly requested documentation verifying that a person representing the Stone County School Board on the day that I was injured was certified, trained, and attentive to their [sic] duties as would be evidenced by supervisory procedures in place" and (2) "I am not in receipt of any document which verifies that the Stone County School Board has on record certification, training manuals, supervisory records, or any other materials relative to the training and supervision of personnel who teach, instruct, or supervise cheerleaders." The school district responded by noting that Harvey had alluded to no set of instructions, statutory or otherwise, to the school district relating to training, supervision, or teaching of cheerleading, and that she pointed to nothing that would require the cheerleading sponsor to have some type of certification or training.[4] After conducting a hearing on the motion for summary judgment, at which Harvey failed to appear, the trial court granted the school district's motion based on the discretionary function exception of Mississippi Code Annotated section 11-46-9(1)(d).
¶ 6. Subsequently, Harvey filed a notice of appeal to the Mississippi Supreme Court and a motion to proceed in forma pauperis, the latter of which the circuit court denied. Following the denial of her in forma pauperis motion, Harvey filed a motion to vacate the circuit court's award of summary judgment to the school pursuant to Mississippi Rule of Civil Procedure 60(b), arguing that (1) the complaint alleged injuries sustained as a cheerleader at a school district sanctioned event which was unsupervised, (2) in granting summary judgment, the circuit court relied on unverified and undocumented theories and conclusions of the school district's attorney that this case was about an incident supervised *467 by authorized personnel of the school district acting in their official capacity, (3) she was deprived of due process, namely the right to a trial on the merits, (4) when the circuit court refused to enforce Harvey's discovery request and refused to grant her motion for summary judgment where no witness disputed the material facts, the court was deprived of subject matter jurisdiction, and that (5) even if the school board propounded relevant testimony, the court was deprived of authority to determine facts in dispute.[5] On May 25, 2006, Harvey's appeal was dismissed for failure to pay the costs of the appeal. Subsequently, after conducting a hearing on the motion to vacate which Harvey again failed to attend, the circuit court issued an order denying the motion, finding that it was clearly an attempt to circumvent a direct appeal and that there was no basis for Harvey's argument that the summary judgment award was void.[6]
¶ 7. Aggrieved, Harvey filed the instant appeal, asserting the following grounds for relief: (1) the circuit court improperly decided the disputed facts of the case and thus was deprived of subject matter jurisdiction over this case, (2) the trial court accepted as fact the unsworn, unverified, and undocumented theories and conclusions of the school district's counsel, (3) the court totally ignored Harvey's unrebutted, sworn testimony, (4) the court disregarded Harvey's repeated notices that the school district's counsel had acted in utmost bad faith by refusing to comply with Harvey's requests for production of documents and open harassment and bullying, (5) the court refused to enforce Harvey's discovery requests, and (6) the circuit judge permitted defense counsel to bully and harass Harvey. Harvey asserts that, as a result of such errors, she was denied due process of law. Harvey did not file a statement of issues with her appeal and designated the record only as (1) "Bonnie Harvey's motion to vacate" and (2) "The Court's September 28th 2006 order denying, sua sponte, the motion for reasons ungrounded in fact or law." Because Harvey failed to designate the entire record or identify the issues on appeal, the school district filed a supplemental designation of the record, thereby including "all clerk's papers, hearing transcripts and exhibits filed, taken or offered in this case, and a certified copy of the docket entries prepared by the Clerk of this Court." When asked to pay the additional costs resulting from the school district's supplemental designation of the record, Harvey accused the Stone County Circuit Clerk of violating federal law. As a result, the school district paid the additional costs. We find that Harvey's motion to vacate was an improper attempt to circumvent a direct appeal and that the circuit court did not err in denying the motion.

STANDARD OF REVIEW
¶ 8. "Appellate review of Rule 60(b) motions is limited." Jenkins v. Jenkins, *468 757 So.2d 339, 342(¶5) (Miss.Ct.App. 2000) (citing Stringfellow v. Stringfellow, 451 So.2d 219, 220 (Miss.1984)). "We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion. Considerations (sic) of a Rule 60(b) motion requires a balancing between granting a litigant a hearing on the merits with the need to achieving finality in litigation." Id. (citing Stringfellow, 451 So.2d at 220; Briney v. U.S. Fidelity & Guar., Co., 714 So.2d 962, 966(¶ 13) (Miss.1998)). "Additionally, the allegations and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled." Id. (citing Askew v. Askew, 699 So.2d 515, 520(¶ 22) (Miss.1997)).

DISCUSSION
¶ 9. Our review of the circuit court's denial of Harvey's motion to vacate begins with an examination of Mississippi Rule of Civil Procedure 60(b), which sets forth the grounds on which a party may set aside a judgment. The rule, entitled "Relief from Judgment or Order," states as follows:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
. . . .
M.R.C.P. 60(b) (emphasis added). Harvey asserts that the circuit court's award of summary judgment was void pursuant to Rule 60(b)(4). "A judgments (sic) is void if `the court that rendered it lacked jurisdiction of the subject matter of the parties, or if it acted in a manner inconsistent with due process of law.'" Soriano v. Gillespie, 857 So.2d 64, 69(¶21) (Miss.Ct.App. 2003) (quoting Bryant, Inc. v. Walters, 493 So.2d 933, 938(¶6) (Miss.1986)). "In considering whether a judgment should be set aside because it is a nullity, there is no discretion in the trial court. If a judgment is void it must be vacated." Bryant, Inc. v. Walters, 493 So.2d 933, 937 (Miss.1986). However, "[a] judgment cannot be set aside simply because it is erroneous." Id.
¶ 10. Harvey argues that she was denied the due process of law and the circuit court was deprived of subject matter jurisdiction over this action. The Mississippi Supreme Court has stated in no uncertain terms that the "[c]ircuit court is the proper court for a tort claims act case." City of Ridgeland v. Fowler, 846 So.2d 210, 214(¶ 13) (Miss.2003); see also Lawrence County Sch. Dist. v. Brister, 823 So.2d 459, 460(¶ 6) (Miss.2001) (finding that a Mississippi Tort Claims Act case should be brought in circuit court). Thus, Harvey's contention that the circuit court lacked subject matter jurisdiction over this case is without merit, and we affirm the circuit court's denial of Harvey's motion to vacate on such grounds.
¶ 11. With regard to Harvey's due process claim, "[d]ue process is satisfied where there is notice and an opportunity to be heard." State v. Blenden, 748 *469 So.2d 77, 90(¶ 42) (Miss.1999) (citing Mississippi Power Co. v. Goudy, 459 So.2d 257, 271 (Miss.1984)). "A `due process' violation so gross as to make the judgment void is extremely rare." Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986) (citing Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914 (1876); Bass v. Hoagland, 172 F.2d 205 (5th Cir.1949)). In this case, the record indicates that Harvey was provided notice of and the opportunity to be heard at all of the hearings held in this case, including the one held on the summary judgment motion.[7] Harvey, for whatever reason, simply failed to attend the hearings. Moreover, at the hearing on the school district's motion to compel, which Harvey did attend, the circuit court judge thoroughly explained matters concerning the discovery requirements to Harvey and allowed Harvey to explain her position. Thus, we have no reason to doubt that, had Harvey attended the hearing on the motion for summary judgment, she would have better understood the summary judgment procedure and what was required of her in such regard. Rather than a denial of due process, we find Harvey failed to take advantage of the process. Her argument is without merit.
¶12. The Mississippi Supreme Court has set forth a number of factors for courts to consider in deciding a Rule 60(b) motion:
(1) final judgments should not lightly be disturbed;
(2) Rule 60(b) motion is not to be used as a substitute for appeal;
(3) the rule should be liberally construed in order to achieve substantial justice;
(4) whether the motion was made within a reasonable time;
(5) whetherif the judgment was rendered after a trial on the meritsthe movant had a fair opportunity to present his claim or defense;
(6) whether there are intervening equities that would make it inequitable to grant relief; and
(7) any other factors relevant to the justice of the judgment under attack.
M.A.S. v. Miss. Dep't of Human Servs., 842 So.2d 527, 530 (¶16) (Miss.2003) (citing Briney, 714 So.2d at 968). The circuit court found that the first two factors above were particularly relevant in this case, with the second factor being the most relevant. We agree. As was previously discussed, *470 Harvey did not file her motion to vacate under Rule 60(b)(4) until after her motion to proceed in forma pauperis had been denied and she had been notified that her appeal would be dismissed if she failed to pay the appeal costs. Thus, as the circuit court found, Harvey's Rule 60(b)(4) motion was clearly an attempt to circumvent an appeal from the order of summary judgment, for which she either could not or would not pay, and was properly denied on this ground.[8]
¶13. Moreover, not only does the timing of Harvey's motion to vacate clearly evince an attempt to substitute the motion for an appeal, but also do the assignments of error she asserts. Harvey argues that (1) the trial court determined disputed facts,[9] (2) the trial court accepted as fact the unsworn, unverified, and undocumented theories and conclusions of the school district's counsel, (3) the court totally ignored Harvey's unrebutted, sworn testimony, (4) the court disregarded Harvey's repeated notices that the school district's counsel had acted in utmost bad faith by refusing to comply with Harvey's requests for production of documents, (5) the court permitted defense counsel to bully and harass Harvey, and (5) the court refused to enforce Harvey's discovery requests.[10] However, "Rule 60(b) is not an escape hatch for lawyers and litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b) is designed for the extraordinary, not the commonplace." Bruce v. Bruce, 587 *471 So.2d 898, 904 (Miss.1991). Harvey's claim that the circuit court decided disputed facts, relied on the assertions of the school district's attorney, and ignored her testimony constitute nothing more than claims that the circuit judge incorrectly applied the summary judgment standard, and complaints regarding the refusal to grant discovery are routinely addressed on appeal.[11] Thus, Harvey's assignments of error are far from extraordinary. They are matters appropriately dealt with on appeal, not in a Rule 60(b) motion. Accordingly, we affirm the circuit court's denial of Harvey's motion to vacate.
¶14. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The record indicates that, on July 2, 2002, counsel for the school district delivered to Harvey via United States mail a notice of hearing on the motion to compel.
[2] According to the school district, on July 31, 2002, it received Harvey's purported answers to the interrogatories and some medical bills, but the envelope was postmarked July 30, 2002, a day after the deadline. The school district also stated that Harvey did not provide written responses to the requests for production, that the answers to the interrogatories were not sworn, and that the answers were technically not deemed served due to Harvey's failure to set forth the interrogatory to which her answers were in response.
[3] Again, the record indicates that, on August 6, 2002, counsel for the school district mailed Harvey a notice of hearing on the motion to dismiss.
[4] The school district attached an excerpt from Harvey's deposition in which she stated that she was aware of no law or regulation that provided instruction on how to conduct cheerleading practice. Also contained in the excerpt was Harvey's response to the school district's question "Would you agree with me thatwell, we'll just say Ms. Turman, that it's within her discretion as to how many groups and who she can watch and who she can tell certain things to during a practice?" Harvey responded, "She should know, yes."
[5] The motion also sought an order from the court instructing counsel for the school district to show in the record "where a duly authorized representative of Stone County testified under oath and penalty of perjury that an authorized person was on duty at the cheerleading accident and shows this court, with specificity, that the identified person was acting within the scope of their [sic] authority as defined in publications of the Stone County School District."
[6] The court stated that, because the motion asked the court to reconsider its ruling on the motion for summary judgment, Harvey's Rule 60(b)(4) motion was essentially a Rule 59 motion; however, a Rule 59 motion must be filed within ten days of the entry of judgment and Harvey's motion to vacate was not filed until months after the entry of summary judgment. Thus, the court considered the motion under Rule 60(b)(4).
[7] The circuit court stated in its ruling on the motion for summary judgment that the motion had been set for hearing numerous times but that at each setting Harvey had requested a continuance or become ill after arriving in the courtroom. On April 21, 2005, the court notified Harvey that the school district was willing to forgo a hearing and rely on the briefs and directing her to contact the court administrator if she desired a hearing. The court stated in its ruling that Harvey did not contact the administrator, but rather filed a "motion to strike defendant's putative motion for summary judgment and motion to strike any hearing thereon" and "notice" of defense counsel's alleged "harassment reflecting on the utmost bad faith exhibited by defendant-respondent Stone County School District (restated grounds for objection)." The court further stated that it set the matter for hearing on September 12, 2005, but Hurricane Katrina intervened, and on September 26, 2005, defense counsel wrote the court seeking a new hearing date. According to the court, Harvey responded by filing a motion for protective order, and when the school district responded Harvey replied with an "objection." The court then stated that it reset the hearing for December 16, 2005, with notice to the parties but that Harvey did not respond, appear, or contact the court administrator.

In her motion for leave to proceed in forma pauperis, Harvey stated that "no notice was given regarding the court's conducting a hearing on a motion for summary judgment per se." However, Harvey did not make this argument in her original motion to vacate nor does she do so in the brief she filed with this Court.
[8] With regard to the remaining factors, the circuit court found as follows:

The other factors are not persuasive. Construing the rule to achieve substantial justice does not require a Court to revisit judgments duly and appropriately entered after providing Plaintiff with numerous opportunities to be heard and to present evidence in response to the motion for summary judgment. The fact that the motion, arguably, may have been timely filed provides no relief since it is without merit. And finally, Plaintiff has not presented any other "intervening equities" or "additional factors" that persuade this Court to reconsider its previous ruling.
We find no abuse of discretion in the court's assessment of these factors.
[9] Harvey does not indicate what facts she believes the circuit court improperly determined; however, from our review of her original motion to vacate and supporting documents, Harvey appears to be arguing that the circuit erred in determining that the cheerleading practice at which she was injured was supervised by an authorized employee of the school district and that such individual was acting within the scope of their employment. However, as the school district noted in its response to Harvey's motion to vacate, Harvey specifically stated at her deposition that the cheerleading sponsor was present at the practice at issue. Regardless, such a claim is not so extraordinary to warrant Rule 60(b) relief; rather, it should have been raised on appeal.

Harvey also argues that the judge's factfinding violated her due process rights by invading the province of the jury. However, according to Mississippi Code Annotated section 11-46-13(1), a plaintiff suing under the Mississippi Tort Claims Act is not entitled to a jury trial. Miss.Code Ann. § 11-46-13(1) (Rev.2002) ("The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter").
[10] Again, Harvey does not indicate to which discovery requests she is referring; however, the record indicates that Harvey filed a motion to compel regarding four interrogatories which she claimed the school district did not answer. Also, the circuit court denied a motion entitled "plaintiff's instanter motion to compel compliance with plaintiff's discovery requests" as moot at the conclusion of its ruling awarding summary judgment to the school district. Presumably, Harvey's complaints stem from one or more of these discovery requests. Harvey's claim may also relate to the aforementioned discovery requests she made in her affidavit in response to the school district's motion for summary judgment.
[11] With regard to Harvey's claim that the circuit judge allowed defense counsel to bully and harass her, there is absolutely no evidence of such in the record. Harvey also makes a statement to the effect that she was forced to file two pre-trial non-interlocutory appeals just because she was pro se; however, we are unable to discern to what Harvey is referring.