Serial: **125358**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2004-CA-02493-SCT**

*MORRIS-SHEA BRIDGE COMPANY, INC.*                    *Appellant*

*v.*

*COASTAL LAND DEVELOPMENT CO.*                    *Appellee*

**<u>ORDER</u>**

¶1.     This matter comes before this Court sitting en banc. On February 7, 2005, Coastal Land Development Co. filed a Motion To Dismiss Appeal And For Sanctions in this Court along with its Memorandum Of Authorities In Support Of Motion To Dismiss Appeal And For Sanctions. Response from Morris-Shea Bridge Co., Inc., was filed on March 23, 2005. Coastal filed its rebuttal to Morris-Shea's response on March 31, 2005. On March 21, 2005, this Court passed the Motion To Dismiss Appeal And For Sanctions filed by Coastal for consideration with the merits of the appeal.

¶2.     Coastal seeks to dismiss Morris-Shea's appeal and receive sanctions from Morris-Shea for filing its appeal to this Court. Coastal asserts that the parties entered into a stipulation for a final and complete resolution of the controversy. The stipulation was styled and filed in the Chancery Court of Harrison County, Mississippi, Second Judicial District. The stipulation signed by counsel for both Coastal and Morris-Shea provided:

Come Now the Plaintiff and the Defendant and would show unto the [trial] court that the parties have reached a settlement of the claim under the following terms:

1)    Morris-Shea Bridge Co., Inc. will receive $350.000.00 cash at the closing of the sale of the subject property;

2)    Richard Landry will cause and authorize David A. Wheeler, closing attorney, to hold in escrow the sum of $125,000.00 to be withheld from the $1,000,000.00 otherwise payable to Richard Landry pursuant to the contract of sale;

3)    That in the event that the Court rules in favor of Morris-Shea Bridge Co., Inc., on the Motion to Confirm Arbitration Award, the sum of $125,000.00 will be paid to Morris-Shea Bridge Co., Inc., by Mr. Wheeler from the funds so escrowed;

4)    That in the event that the Court rules in favor of Coastal Land and Development Corp., on the Motion to Dismiss the Motion to Confirm Arbitration Award, the sum of $125,000.00 will be paid to Richard Landry by Mr. Wheeler from the funds so escrowed;

5)    That this settlement and ruling of the Court shall end the controversy between the parties as it pertains to the lien and contract dispute and shall constitute a complete and final resolution of the dispute between the parties hereto.

¶3.    Morris-Shea's contention that the appeal was not waived is not supported by the record. The unambiguous language of the parties' stipulation clearly states that the settlement and the trial court's ruling shall end the controversy and shall constitute a complete and final resolution of the dispute between the parties.

¶4.    Furthermore, the Agreed Order Granting Motion To Correct Or Modify Record signed by both counsel for Coastal and Morris-Shea provided:

In order for the court-approved contract to be closed, all liens and claims had to be satisfied. On August 10, all counsel, including for Morris-Shea, were before the Chancery Court negotiating the compromise and satisfaction of liens. Coastal, as seller, and all creditors agreed to compromise. The most difficult claim to compromise was that of Morris-Shea....Until all claims were resolved,

2

the title insurer was refusing to close.  Finally, a compromise of the Morris-Shea claim was reached....

Because the title insurer would not close the transaction until all appeal rights had expired or been waived, the parties agreed that the decision of the Chancellor would be final.  A written stipulation was entered by the parties, a copy of which is attached...and incorporated herein by reference.

¶5.    The agreed order signed by counsel for both parties specifically discussed the need to enter into a stipulation to settle the controversy and waiving any appeal in order for the title insurer to close the transaction.  The stipulation was incorporated by reference into the agreed order.

¶6.    The clear language contained in the parties' stipulation to settle and the trial court's Agreed Order Granting Motion To Correct Or Modify Record supports only one interpretation: the parties intended to settle the controversy, including waiving any appeal.

¶7.    IT IS THEREFORE ORDERED that Coastal's Motion To Dismiss Appeal is granted. Morris-Shea's appeal to this Court on the merits in the above stated cause number is hereby dismissed with prejudice.  Coastal's Motion For Sanctions is denied.

¶8.    SO ORDERED, this the 14th day of September, 2005.


                                                            /s/ Chuck Easley
_____              CHUCK EASLEY, JUSTICE
                                                              FOR THE COURT


DIAZ, J., NOT PARTICIPATING.

3