BRIDGES, P.J.,
for the Court.
¶ 1. On March 4, 2003, the board of aldermen for the City of Starkville, Mississippi, ordered the termination of Dunlap Street and Oakridge Drive, and Charles E. Morgan Construction Company appealed the order to the Circuit Court of Oktib-beha County. The circuit court dismissed the appeal explaining that said order was merely an advisory opinion and, thus, not a final decree. Aggrieved by the dismissal, Morgan has appealed and now comes before this Court claiming (a) that dismissal was improper because the City’s ordered termination of said streets was a final, appealable decree; (b) that the order terminating said streets was erroneous because the City failed to comply with the dictates of Miss.Code Ann. § 21-37-7 (Rev.2001); and (c) that the circuit erred in refusing to publish specific findings of fact and conclusions of law in support of said dismissal.
¶ 2. We affirm the judgment of dismissal; however, as we will explain, the rule of law upon which we rely in reaching this conclusion differs from that of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 3. In late February of 2003, Charles E. Morgan Construction Company submitted for approval a preliminary plat with the planning commission for the City of Stark-ville detailing its proposed plans for the development of Academy Village Phase II on about thirty-five acres the company owned within the city’s limits. Ways by which to access this property, however, *1147 were limited, and the route proposed by Morgan entailed extending two existing dead-end streets, Dunlap Street and Oak-ridge Drive, from Timbercove, the subdivision abutting the company’s property to the south.
¶ 4. Approximately a month before, on January 28, at the recess meeting of the mayor and board of aldermen for the City of Starkville, the petition of approximately 300 residents was presented to the City requesting that these two streets be terminated, meaning prohibited from future extension by closing them to traffic at their present points of termination. The petition was well received, and at the City’s regular meeting on March 4, 2003, the mayor and board of aldermen entered an order declaring “that the public health, safety, and welfare will be served by not extending Dunlap and Oakridge streets, terminating said streets where they presently end and have ended for some twelve (12) to twenty-four (24) years.... ” Aggrieved by the City’s order, Morgan filed a bill of exceptions with the Circuit Court of Oktibbeha County on March 10. The following week, the City filed a response to the bill of exceptions in conjunction with a motion for correction, and the court subsequently set the matter for a May 2 hearing.
¶ 5. A decision as to the company’s proposed preliminary plat had not yet been rendered, so on April 8, Morgan appeared before the City’s planning commission to urge its approval. After a lengthy discussion, the commission voted unanimously to deny the plat for inadequate ingress and egress. Morgan subsequently requested further explanation to which the commission responded by voicing, as merely one factor in the decision, their concern regarding the City’s March 4 order terminating Dunlap Street and Oakridge Drive.
¶ 6. On May 2, 2003, the circuit court heard argument of the parties and, on May 12, entered a judgment of dismissal against Morgan. The company subsequently filed a motion for findings of fact, but the motion was denied. Morgan’s appeal is now before this Court.
LAW AND ANALYSIS
¶ 7. The Circuit Court of Oktibbeha County dismissed Morgan’s appeal on the contention that the board of aldermen’s March 4 order terminating Timbercove’s Dunlap and Oakridge streets was merely advisory in nature and, thus, not a final decree. Mississippi’s long-standing law unequivocally supports the proposition that a decree, to be appealable, must be final as to all parties and all issues. American Empire Life Ins. Co. v. Skil-Craft Builders., Inc., 291 So.2d 735, 736 (Miss.1974); see also McPhail v. City of Lumberton, 832 So.2d 489, 491(¶ 7) (Miss.2002). However, determining the finality of a decree often proves problematic.
¶ 8. In the case at bar, the record is devoid of explanatory support for the judgment of dismissal, but the argument advanced by the City in support thereof relates the propriety of the dismissal to the ostensible failure of Morgan to timely appeal the planning commission’s denial of the company’s preliminary plat. Such argument, however, is flawed, for the termination of the aforementioned streets and the denial of said plat are distinctly separate events. The closing of these streets undisputedly impacted the decision of the planning commission to deny Morgan’s plat, but that is the extent of their interrelation. The propriety of the City’s ordered termination is not at issue in regards to the preliminary plat. Access is, but the City’s actions are not. The City’s March 4 order, therefore, was fully dispositive as to the termination of Dunlap and Oakridge *1148 streets and, thus, final, so the circuit court’s basis for dismissing Morgan’s appeal was erroneous.
¶ 9. We do, however, find dismissal proper based on Morgan’s failure to properly voice his opposition to the City’s actions. We begin by once again noting our wide acceptance of “the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court.” Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1320 (Miss.1986). The order terminating Dunlap and Oakridge streets was approved at the March 4, 2003, public meeting of the City’s board of aldermen pursuant to a previously published agenda. Morgan, along with his legal counsel, was present at said meeting and had full opportunity to challenge the issue either during the general input as to the agenda item, or when the agenda item was taken up, but prior to a motion being made. Morgan’s counsel did once attempt commenting, but he did so only after the board was discussing the issue on motion. The time for open discussion had passed, and Morgan was accordingly prohibited from talking. Consequently, Morgan failed to submit to the board of aldermen any information, pleading, position, statement, or other representation relative to the content of the bill of exceptions he filed with the circuit court. In appeals from local government authorities, the circuit courts assume the role of an appellate court, and as an appellate court, the circuit court may not review matters that were not presented to the court or tribunal from which the appeal originated. Thornton v. Wayne County Election Comm’n, 272 So.2d 298, 302 (Miss.1973). Failure to act in the original constitutes a waiver in the latter, so we must affirm the dismissal of Morgan’s appeal.
¶ 10. Although, for all practical purposes, the dismissal of Morgan’s appeal renders the remaining issues moot, we will briefly discuss them, for they are equally meritless.
¶ 11. In his second assignment of error, Morgan maintains that the City’s ordered termination of Dunlap and Oak-ridge streets was erroneous because the board failed to comply with the provisions of Miss.Code Ann. § 21-37-7 (Rev.2001). Section 21-37-7, which controls the closing of streets by municipalities, requires, as Morgan contends, that closure be preceded by the paying of due compensation to abutting landowners for damages sustained as a result of the closure. The City, however, did not order the closure of Dunlap and Oakridge streets. As evidenced on the face of the order itself, the City acted pursuant to the provisions of Section 21-37-3, which vests in local governing authorities “the power to exercise full jurisdiction in the matter of streets.... ” Miss. Code Ann. § 21-37-3 (Supp.2001). The City’s ordered termination did not order the closure of active streets but simply ordered the aforementioned streets to remain unchanged from their current condition. The City, therefore, acted appropriately under Section 21-37-3, and Morgan is owed no compensation.
¶ 12. In his final assignment of error, Morgan maintains that the circuit court committed error in denying the company’s motion requesting specific findings of fact and conclusions of law following the dismissal of its appeal, citing as authority Rule 52 of the Mississippi Rules of Civil Procedure. The comment to Rule 52 explains that the findings of the trial court “enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for *1149 the conclusions of law and judgment entered thereon.” M.R.C.P. 52, cmt. This rule, however, is not applicable to the facts of the appeal at bar because the circuit court was functioning as an appellate court, and appellate courts are not required to issue such findings of fact. See Faircloth v. Lyles, 592 So.2d 941, 945 (Miss.1991).
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.