MAXWELL, J.,
for the Court:
¶ 1. More than two years ago, the Pride family represented to the chancery court they had reached an agreement to auction the family home, resolving a three-year-old legal battle over this one-acre property. The chancery court entered an order setting out their agreement. But a faction of the family appealed that order. Because their arguments are procedurally barred, we affirm the chancery court’s December 18, 2008 order directing the auction of the homesite.
PROCEDURAL HISTORY
I. Trial Level
¶ 2. In May 2005, Rivers Pride, Robert Pride, C.W. Pride, Herman Pride, Ethel Butler, Hester Burnette, Virgie Deloney, Terry Ellis, and Jimmie Elaine Ellis (collectively “Rivers”) filed a complaint in Pa-nola County Chancery Court against their brothers,[1] William Pride and Daniel Pride (collectively “William”). Rivers asked for a “partition in kind or by sale” of approximately 150 acres, including a home, inherited from W.E. Pride and Savannah Pride. William filed a counterclaim, also seeking a partition. The record indicates Rivers wanted to divide the property equally, while William wanted to sell the entire 150 acres.
¶ 3. The chancellor appointed a three-member commission to survey the property and determine if it could be divided equally. In September 2006, the commission submitted a report, recommending a partition in kind of the land into ten tracts, except for the one-acre homesite, which the commission recommended should be sold. The chancery court held a hearing on November 21, 2006. At the hearing, William objected to the commissioners’ report, arguing all the land should be sold. Rivers, however, agreed with the commissioners’ report. When William suggested the property be appraised before deciding if it should be partitioned in kind, Rivers responded that no appraisal was necessary because each party would receive one tenth of the total value of the property, regardless of what the total was.
¶ 4. On December 19, 2006, the chancery court entered an order adopting the commissioners’ report. The chancery court found “a partition in kind would promote the interest of all co-tenants and a sale of the one-acre house site at partition sale would promote the interest of all co-tenants .... ” The next day, the chancery court issued a notice of sale of the home-site. The sale never took place.
¶ 5. On December 22, 2006, William filed a motion for judgment notwithstanding the verdict (JNOV), arguing there was insufficient evidence for a partition in kind. Rivers responded that William’s motion should be dismissed.
*210 ¶ 6. On August 15, 2007, the chancery court denied William’s motion. After the thirty-day notice-of-appeal deadline had expired, William filed a motion for an extension of time to appeal, which Rivers contested. Before the chancery court ruled on William’s motion for an extension, William filed two more motions: (1) a motion for contempt for Rivers’s failure to return certain personal property as ordered by the December 19, 2006 order, and (2) a motion to appoint a caretaker of the home, which had yet to be sold.
¶ 7. On December 2, 2008, the chancery court heard all three of William’s motions. It granted William a fourteen-day extension to appeal the denial of his motion for JNOV and the underlying order adopting the commissioners’ report. It denied his contempt motion, providing Rivers additional time to return William’s property. But it did not reach the motion to appoint a caretaker because at the hearing both parties informed the chancellor that they agreed to auction the house within sixty days. When the chancellor asked whether anyone objected to the sale, none of the parties spoke up. The resulting December 18, 2008 order stated:
In regards to [William’s] motion to appoint a caretaker, the parties announced to the Court that they are in agreement to sell the house and 1 acre of land on which it sits at public auction, thereby resolving the issue of appointing a caretaker. Pursuant to the parties’ agreement, dictated into the record and affirmed by all parties, it is therefore ordered that the house and 1 acre of land as described on the plat thereof on file in this cause shall be sold at public auction to the highest bidder within 60 days of the entry of this Order.
II. Appellate Level
¶ 8. Granted the extension, William filed a notice of appeal on December 10, 2008. He challenged the August 2007 denial of his motion for JNOV and the underlying December 2006 order accepting the commissioners’ report. But William’s notice specified he “agree[d] with the ruling ordering a partition by sale of the family home and one-acre lot.” Rivers filed his own notice of appeal on January 16, 2009, seeking review of the December 2008 order directing the sale of the homesite.
¶ 9. The two appeals were consolidated. After being granted numerous extensions, William failed to timely file an appellant brief. William’s appeal was dismissed pursuant to Mississippi Rule of Appellate Procedure 2(a)(2). Rivers’s appeal was unaffected.
DISCUSSION
¶ 10. Rivers claims the chancery court erred by not following the requirements of Mississippi Code Annotated section 11-21-11 (Rev.2004)[2] in its order of the sale of *211 the homesite. In finding Rivers’s arguments procedurally barred, we must first clarify which order determined the home-site should be partitioned by sale.
¶ 11. The chancery court issued two orders regarding the sale of the homesite: (1) the December 2006 order that determined the one-acre homesite should be partitioned by sale, rather than partitioned in kind like the rest of the acreage, and (2) the December 2008 order that directed the previously determined sale should take place within sixty days to avoid the need to appoint a caretaker, resolving William’s March 2008 motion. We pause to note that it was in issuing the December 2006 order that the chancery court had to determine whether the circumstances met the prerequisites for partition by sale. Based on the dismissal of William’s appeal, the December 2006 order is no longer before us. Therefore, we will not consider whether the prerequisites of section 11-21-11 existed prior to ordering a partition by sale in 2006. Likewise, we reject William’s arguments that the chancery court similarly erred in ordering a partition in kind of the 150 acres because these arguments are aimed at resurrecting his dismissed appeal of the 2006 order.
¶ 12. Procedural bar aside, we note “a court has no right to divest a cotenant landowner of title to his property by sale over his protest unless these conditions [of section 11-21-11] are fully met.” Parker v. Parker, 980 So.2d 328, 326 (¶ 8) (Miss.Ct.App.2008) (quoting Fuller v. Chimento, 824 So.2d 599, 602 (¶ 9) (Miss.2002)) (emphasis added); see Dailey v. Houston, 246 Miss. 667, 683, 151 So.2d 919, 926 (1963) (error to order partition by sale rather than in kind over objection of co-tenant). But here Rivers made absolutely no protest. He neither objected to the commissioners’ report nor to the chancery court’s decision to partition the homesite by sale. In fact, at the November 2006 hearing prior to accepting the report, it was Rivers’s attorney who suggested selling the homesite. And it was Rivers’s witness, Robert Pride, who testified that, while he wanted to divide the 150 acres, he wanted to sell the homesite. In his reply brief, Rivers concedes he agrees with decision to partition the homesite by sale.
¶ 13. , Nevertheless, Rivers tries to make an end run around the procedural bar by attacking the December 2008 order setting forth the procedure for accomplishing the sale. Rivers maintains the chancery court erred by omitting that an appraisal must take place before the auction, as mandated by section 11-21-11. But this argument against the 2008 order not only lacks merit, but it too is procedurally barred.
¶ 14. First, neither section 11-21-11, nor its companion Mississippi Code Annotated section 11-21-27 (Rev.2004),[3] man *212 dates that an appraisal must be obtained prior to selling partitioned land. Rather, in both statutes, “the court may cause an appraisal to be made of the property.” Miss.Code Ann. §§ 11-21-11, -27 (emphasis added). So clearly chancellors are vested with discretionary authority over whether to require an appraisal.
¶ 15. Second, Rivers waived any objection to the lack of an appraisal because he never raised the issue of appraisal in the chancery court. E.g., Charles E. Morgan Constr. Co. v. City of Starkville, 909 So.2d 1145, 1148 (¶ 9) (Miss.Ct.App.2005) (refusing to consider a matter not first presented to the trial court). It is axiomatic that we will not find a chancellor abused his or her discretion in failing to grant a request the parties never made. The parties stipulated on the record to the procedure for partition by sale. And the chancellor adopted the procedure requested by the parties. Therefore, any argument this procedure is improper because it did not include an appraisal was waived. See Morris-Shea Bridge Co. v. Coastal Land Dev. Co., 911 So.2d 506 (¶¶3-6) (Miss.2005) (dismissing appeal because parties stipulated to resolution of controversy); Myers v. Miss. Farm Bureau Mut. Ins. Co., 749 So.2d 1173, 1174 (¶4) (Miss.Ct.App.1999) (consent to dismissal of claim estopped the appeal of claim).
¶ 16. Finding Rivers’s argument procedurally barred, we affirm the December 2008 order directing the auction of the one-acre homesite.
¶ 17. THE JUDGMENT OF THE PA-NOLA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.

. William and Daniel are the uncles of Terry Ellis and Jimmie Elaine Ellis, who are children of William and Daniel’s deceased sister, Alberta Pride Ellis.

. Section 11-21-11 provides:
If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests. The court may appoint a master to make the sale, and may make all proper orders to protect the rights of the parties interested. The court may order the sale of a part of the land and the partition in kind of the residue.
Before the court shall order a sale of the lands, the court may cause an appraisal to be made of the property, the expense of which shall be taxed and collected as costs in the proceedings. If the court causes an appraisal of the property to be made, then, subsequent to the receipt and filing of the appraisal with the court, the court shall *211 hold in abeyance its order for sale of the land for a period of thirty (30) days in order to allow the parties the opportunity to reach an agreement as to a partition in kind or sale of the lands.

. Section 11-21-27 provides:
If, after a judgment for partition and the appointment of masters, it shall appear from the report of the masters, or on exceptions to their report, that a just and equal division of the land cannot be made, or that a sale will better promote the interest of all the cotenants, the court shall order a sale of the land, or such part thereof as may be deemed proper, and a division of the proceeds among those interested, as provided for.
Before the court shall order a sale of the lands, the court may cause an appraisal to be made of the property, the expense of which shall be taxed and collected as costs in the proceedings. If the court causes an appraisal of the property to be made, then, subsequent to the receipt and filing of the appraisal with the court, the court shall hold in abeyance its order for sale of the *212 land for a period of thirty (30) days in order to allow the parties the opportunity to reach an agreement as to a partition in kind or sale of the lands.