# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01373-COA

**DANIEL PRIDE AND WILLIAM PRIDE, JR.**          **APPELLANTS**

**v.**

**RIVERS PRIDE, JR., ROBERT PRIDE, ETHEL**          **APPELLEES**
**M. BUTLER, HESTER PRIDE BURNETT,**
**TERRY L. ELLIS, JIMMY ELAINE ELLIS, C.W.**
**PRIDE, HERMAN PRIDE, ROSETTER PRIDE**
**PICKENS, MARY ANN PRIDE SIMMONS AND**
**FLOSSIE DELONEY BROWN**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2013 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | RANDOLPH WALKER |
| ATTORNEYS FOR APPELLEES: | ETHEL BUTLER (PRO SE) |
| | C.W. PRIDE (PRO SE) |
| | ROBERT PRIDE (PRO SE) |
| | HERMAN PRIDE (PRO SE) |
| | HESTER BURNETT (PRO SE) |
| | JIMMIE ELAINE ELLIS (PRO SE) |
| | DONALD PRIDE (PRO SE) |
| | TERRY L. ELLIS (PRO SE) |
| | ROSETTER PRIDE PICKENS (PRO SE) |
| | MARY ANN PRIDE SIMMONS (PRO SE) |
| | FLOSSIE DELONEY BROWN (PRO SE) |
| | RIVERS PRIDE JR. (PRO SE) |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR FINDINGS BY THE COURT DENIED |
| DISPOSITION: | AFFIRMED - 12/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

      **EN BANC.**


      **ROBERTS, J., FOR THE COURT:**

¶1.	This appeal stems from a disagreement regarding the partition of approximately 150 acres among siblings, and the Panola County Chancery Court's order to sell a house and one acre of property that surrounds it. Six years after the chancellor ordered that the house be sold at a public auction, brothers Daniel and William Pride (collectively "William") filed a motion for relief from judgment under Rule 60(b) of the Mississippi Rules of Civil Procedure. The chancellor denied his motion. William then asked the chancellor for written findings of fact and conclusions of law regarding his decision to deny his motion. The chancellor declined. On appeal, William claims that the chancellor erred when he denied his Rule 60(b) motion. He also claims that he was entitled to written findings of fact and conclusions of law. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.	The present appeal represents the aftermath of *Pride v. Pride*, 60 So. 3d 208 (Miss. Ct. App. 2011), in which we stated:

> In May 2005, Rivers Pride, Robert Pride, C.W. Pride, Herman Pride, Ethel Butler, Hester Burnette, Virgie Deloney, Terry Ellis, and Jimmie Elaine Ellis (collectively "Rivers") filed a complaint . . . against their brothers, William . . . and Daniel . . . (collectively "William"). Rivers asked for a "partition in kind or by sale" of approximately 150 acres, including a home, inherited from W.E. Pride and Savannah Pride. William filed a counterclaim, also seeking a partition. The record indicates Rivers wanted to divide the property equally, while William wanted to sell the entire 150 acres.
>
> The chancellor appointed a three-member commission to survey the property and determine if it could be divided equally. In September 2006, the commission submitted a report, recommending a partition in kind of the land into ten tracts, except for the one-acre homesite, which the commission recommended should be sold. The chancery court held a hearing on November 21, 2006. At the hearing, William objected to the commissioners' report, arguing all the land should be sold. Rivers, however, agreed with the

2

commissioners' report. When William suggested the property be appraised before deciding if it should be partitioned in kind, Rivers responded that no appraisal was necessary because each party would receive one[-]tenth of the total value of the property, regardless of what the total was.

On December 19, 2006, the chancery court entered an order adopting the commissioners' report. The chancery court found [that] "a partition in kind would promote the interest of all co-tenants and a sale of the one-acre house site at partition sale would promote the interest of all co-tenants . . . ." The next day, the chancery court issued a notice of sale of the homesite. The sale never took place.

On December 22, 2006, William filed a motion for judgment notwithstanding the verdict (JNOV), arguing there was insufficient evidence for a partition in kind. Rivers responded that William's motion should be dismissed.

On August 15, 2007, the chancery court denied William's motion. After the thirty-day notice-of-appeal deadline had expired, William filed a motion for an extension of time to appeal, which Rivers contested. Before the chancery court ruled on William's motion for an extension, William filed two more motions: (1) a motion for contempt for Rivers's failure to return certain personal property as ordered by the December 19, 2006 order, and (2) a motion to appoint a caretaker of the home, which had yet to be sold.

On December 2, 2008, the chancery court heard all three of William's motions. It granted William a fourteen-day extension to appeal the denial of his motion for JNOV and the underlying order adopting the commissioners' report. It denied his contempt motion, providing Rivers additional time to return William's property. But it did not reach the motion to appoint a caretaker because at the hearing both parties informed the chancellor that they agreed to auction the house within sixty days. When the chancellor asked whether anyone objected to the sale, none of the parties spoke up. The resulting December 18, 2008 order stated:

> In regards to [William's] motion to appoint a caretaker, the parties announced to the [c]ourt that they are in agreement to sell the house and [one] acre of land on which it sits at public auction, thereby resolving the issue of appointing a caretaker. Pursuant to the parties' agreement, dictated into the record and affirmed by all parties, it is therefore ordered that the house and [one] acre of land as described on the plat thereof on file in this cause shall be sold at public auction to the highest bidder within

3

[sixty] days of the entry of this [o]rder.

. . . .

Granted the extension, William filed a notice of appeal on December 10, 2008. He challenged the August 2007 denial of his motion for JNOV and the underlying December 2006 order accepting the commissioners' report. But William's notice specified he "agree[d] with the ruling ordering a partition by sale of the family home and one-acre lot." Rivers filed his own notice of appeal on January 16, 2009, seeking review of the December 2008 order directing the sale of the homesite.

The two appeals were consolidated. After being granted numerous extensions, William failed to timely file an appellant['s] brief. William's appeal was dismissed pursuant to Mississippi Rule of Appellate Procedure 2(a)(2). Rivers's appeal was unaffected.

*Pride*, 60 So. 3d at 209-10 (¶¶2-9). Having found no merit to Rivers's appeal, we affirmed the chancellor's "order directing the auction of the one-acre homesite." *Id*. at 212 (¶16). The chancellor has twice ordered that the parties sell the house and the acre of property that surrounds it. Neither William's brief nor the scant record before us contains any explanation regarding why the home was never sold. The record does not contain a supersedeas bond or an order staying the sale of the home.

¶3.    In any event, on November 16, 2012, William filed a document styled as a Rule 60(b) motion. William claimed that material and substantial changes in circumstances made it impractical to enforce the December 2006 order. Specifically, William stated that because the value of the home had deteriorated, it was incapable of yielding sufficient proceeds to pay the assessments mandated by the chancery court. William also claimed that he had incurred additional expenses related to the home in the form of taxes and maintenance. William requested a hearing so he could present evidence of the home's value, the value of the shares

4

determined by the special commissioners, and the expenses that he had incurred. The chancellor denied William's Rule 60(b) motion.

¶4. William requested written findings of fact and conclusions of law regarding the chancellor's decision to deny his Rule 60(b) motion. The chancellor denied William's request. William appeals. He claims the chancellor erred by denying his Rule 60(b) motion. William also claims he was entitled to written findings of fact and conclusions of law regarding the chancellor's decision.

## ANALYSIS

¶5. Before we address the substance of William's issues on appeal, we note that none of the eleven Appellees filed a brief with this Court. The "failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." *Rogillio v. Rogillio*, 101 So. 3d 150, 153 (¶12) (Miss. 2012) (citing *Dethlefs v. Beau Maison Dev. Corp.*, 458 So. 2d 714, 717 (Miss. 1984)). Although the failure to file a brief does not warrant automatic reversal, we will reverse if "the appellant's argument . . . create[s] enough doubt in the judiciousness of the trial court's judgment that [an appellate court] cannot say with confidence that the case should be affirmed." *Id*. (citing *Muhammad v. Muhammad*, 622 So. 2d 1239, 1242 (Miss. 1993)). The record in this case consists of a total of forty-seven pages. It contains no transcript of testimony because none was taken. William's brief is eleven pages long.

### I. MOTION FOR RELIEF

¶6. William claims that the chancellor erroneously denied his Rule 60(b) motion.

5

"Appellate review of Rule 60(b) motions is limited." *Harvey v. Stone County School Dist.*, 982 So. 2d 463, 467 (¶8) (Miss. Ct. App. 2008). "We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion." *Id*. at 468 (¶8). "Additionally, the allegations and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled." *Id*.

¶7.    William is one of the cotenant heirs involved in a partition case that was filed under Mississippi Code Annotated section 11-21-1 (Rev. 2014).  William filed his Rule 60(b) motion approximately six years after the chancellor ordered the partition of 150 acres of real estate and the sale of a home and a one-acre plot.  In his motion, William claimed that he was entitled to relief from the chancellor's judgment because of "material and substantial changes in circumstances that make the enforcement of the [judgment] impractical."  Specifically, William claimed that relief from the judgment was appropriate because the home had depreciated in value, and he paid the taxes and maintenance expenses on "the property" during the pendency of the appeal that culminated in this Court's opinion in *Pride*.  William also asked the chancellor to reconsider the issues regarding the sale of the property, his reimbursement for taxes and expenses, and the payment of fees.  Additionally, William suggested that the entire property should be surveyed and appraised again.

¶8.    However, William's motion did not allege any of the six grounds for relief contemplated by Rule 60(b), which provides:

> [T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) fraud, misrepresentation, or other misconduct of an adverse party;

(2) accident or mistake;

(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(6) any other reason justifying relief from the judgment.

A "material change in circumstances" is not listed as a ground for relief from a judgment. In his brief, William does not claim that his Rule 60(b) motion falls under any particular subsection of the rule. At best, William could only travel under the catch-all provision under Rule 60(b)(6).

¶9. In reality, William's motion was a request to validate his allegations. That is, William alleged that the home had depreciated in value, and then he asked the chancellor to order an appraisal of the home to support his underlying allegation. William did not explain why or how the home had depreciated in value. Additionally, William did not elaborate regarding his maintenance expenses on the property, or the amount he had paid in taxes. In effect, William's motion for relief from the judgment is nothing more than his unsubstantiated and unsupported assertion that he might not recover some undefined amount of money when the home is finally sold. He did not support his motion with any evidence in the form of affidavits, appraisals, exhibits, receipts, or anything else. As for William's claim that there had been a material change in circumstances, this was not a custody proceeding in which a

7

material change in circumstances bears consideration. In effect, William's motion was merely a request for modification couched as a Rule 60(b) motion, and it failed to state a cognizable claim for relief. "Relief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances." *Brown v. Weatherspoon*, 101 So. 3d 173, 177 (¶12) (Miss. Ct. App. 2012). It "is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies." *Id*. We find no merit to this issue.

## II. WRITTEN FINDINGS

¶10. Next, William claims that the chancellor erred when he did not provide written findings of fact and conclusions of law related to the decision to deny the Rule 60(b) motion. Rule 52(a) of the Mississippi Rules of Civil Procedure provides that "[i]n all actions tried upon the facts without a jury[,] the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly." If a party requests findings of fact and conclusions of law, and the trial court does not enter them, an "appellate court must consider the effect of the trial court's missed responsibility, and overwhelming evidence may be required as a condition for affirmance." *Bodne v. King*, 835 So. 2d 52, 57 (¶15) (Miss. 2003). "Whe[n] . . . a case is hotly contested and the facts [are] greatly in dispute[,] and whe[n] there is any complexity involved therein, failure to make findings of ultimate fact and conclusions of law will generally be regarded as an abuse of discretion." *Tricon Metals & Servs. Inc. v. Topp*, 516 So. 2d 236, 239 (Miss. 1987). However, a trial court is only obligated to enter requested findings of fact when an action has been "tried upon

8

the facts without a jury." *Harmon v. Regions Bank*, 961 So. 2d 693, 700 (¶24) (Miss. 2007).

¶11.   The chancellor was not required to view the allegations in William's Rule 60(b) motion as though they were true. William's Rule 60(b) motion was not an action "tried upon the facts," because it did not include anything but allegations, and no facts were ever presented. William fails to explain how the chancellor could possibly find any facts after he failed to present any. And the chancellor's decision to deny William's Rule 60(b) motion did not result in the entry of a judgment. Therefore, the chancellor was justified in summarily denying William's request for written findings of fact and conclusions of law. It follows that we find that the chancellor did not abuse his discretion, and there is no merit to this issue.

¶12.   **THE JUDGMENT OF THE PANOLA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND JAMES, JJ.**

**ISHEE, J., DISSENTING:**

¶13.   The majority opinion states that "the chancellor was justified in summarily denying William's request for written findings of fact and conclusions of law" related to the decision to deny the Rule 60(b) motion. I respectfully dissent.

¶14.   William's final motion prior to this appeal was filed pursuant to Rule 52(a) of the Mississippi Rules of Civil Procedure. Rule 52(a) provides, in pertinent part, that "[i]n all actions tried upon the facts without a jury the court may, and shall upon the request of any

9

party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly." This Court has previously found that "[u]nless the evidence is overwhelming, it is reversible error for the trial court to refuse, upon request by a party to the litigation, to make specific findings of fact and separately state the conclusions of law on which its decision is based." *McBride v. McBride*, 110 So. 3d 356, 361 (¶25) (Miss. Ct. App. 2013) (citing *West v. West*, 891 So. 2d 203, 215 (¶35) (Miss. 2004)).

¶15.　The majority does not believe that Rule 52(a) is applicable in this case, but I disagree. Although this Court has held that a "[Mississippi] Rule [of Civil Procedure] 56 summary judgment hearing is not an action tried upon the facts without a jury so as to trigger Rule 52 applicability," a Rule 56 motion for summary judgment is distinguishable from the current Rule 60 motion. *Martindale v. Hortman Harlow Bassi Robinson & McDaniel PLLC*, 119 So. 3d 338, 345 (¶23) (Miss. Ct. App. 2012). A motion for summary judgment is granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). However, in this case I believe that there are genuine issues of material fact that need clarification. The comment to Rule 52(a) states that "[t]he principal purpose of the rule is to provide the appellate court with a record regarding what the trial court did – the facts it found and the law it applied." In the order denying William's Rule 60(b) motion, the chancery court failed to give any factual basis or legal reason for its ruling, and, after a review of the record in this case, I cannot find that the evidence is overwhelming to excuse the chancery court from making findings of fact or conclusions of law. "This Court will remand for findings of fact and conclusions of law

10

where it is not obvious from a review of the record such that the absence of written findings may be excused." *Carpenter v. Berry*, 58 So. 3d 1158, 1161 (¶14) (Miss. 2011). I believe that the chancery court's denial of William's Rule 52(a) motion was an abuse of discretion. Therefore, I would reverse the judgment of the chancery court and remand for written findings of fact.

**BARNES AND JAMES, JJ., JOIN THIS OPINION.**