# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00727-COA

**CLYDE DELBERT ESPLIN**                                                    **APPELLANT**

**v.**

**REBECCA CAROL ESPLIN (BRYANT)**                                    **APPELLEE**

DATE OF JUDGMENT:                04/02/2015
TRIAL JUDGE:                            HON. M. RONALD DOLEAC
COURT FROM WHICH APPEALED:   LAMAR COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:       DONALD WAYNE MEDLEY
                                              DAVID NEIL MCCARTY
ATTORNEY FOR APPELLEE:           S. CHRISTOPHER FARRIS
NATURE OF THE CASE:                CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:          GRANTED EX-HUSBAND'S MOTION IN
                                              PART TO MODIFY CHILD SUPPORT, AND
                                              GRANTED EX-WIFE'S MOTION FOR
                                              CONTEMPT
DISPOSITION:                            AFFIRMED - 11/15/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the chancellor abused his discretion in granting in part and denying in part Clyde Esplin's request for relief pursuant to Mississippi Rule of Procedure 60(b).

## FACTS AND PROCEDURAL HISTORY

¶2.     The Lamar County Chancery Court entered a judgment of divorce on April 26, 2011, granting Clyde and Rebecca Esplin an irreconcilable-differences divorce. Clyde later filed a petition for modification of custody and contempt. Rebecca filed an answer and

counterclaim for contempt. At some point, the chancellor appointed a guardian ad litem (GAL). On November 15, 2012, the chancellor entered an opinion and final judgment. These two orders—the April 26, 2011 order and the November 15, 2012 order—are not included in the record on appeal. However, the record indicates that Rebecca was awarded custody of the couple's three minor children and that Clyde was awarded visitation, ordered to pay $375 per month in child support, and ordered to pay for the children's health insurance (including dental insurance). And the chancellor found Clyde in contempt for failing to provide adequate health insurance for the children and for interfering with the children during their school hours.

¶3. In 2013 and 2014, Rebecca filed two petitions for contempt and modification of child support. Clyde also filed a counterclaim for custody modification and contempt. After a hearing on June 5, 2014, the chancellor entered an order finding Clyde in contempt for violating several provisions of the final judgment of divorce and the November 15, 2012 judgment, including his failure to provide sufficient health-insurance coverage for the children and make timely child-support payments. Although the hearing had been set by an agreed order dated February 18, 2014, Clyde, who lived in Oregon, failed to appear at the hearing. The chancellor increased Clyde's child-support payments to $1,601.55, awarded attorney's fees to Rebecca, and dismissed Clyde's counterclaim for custody modification and contempt.

¶4. The chancellor set another hearing to allow Clyde to purge himself of contempt. At this hearing on August 4, 2014, Clyde appeared without counsel. Finding Clyde's reasons

2

for his failure to meet his obligations unpersuasive, the chancellor ordered him incarcerated. Shortly thereafter, the parties entered an agreed order to release Clyde from his incarceration since he had paid $15,319.67 to purge himself of contempt. The amount paid by Clyde included back child support, unpaid medical expenses of the children, attorney's fees, and GAL fees.

¶5. Over the next several months, Rebecca filed two more petitions for contempt relating to Clyde's failure to make child-support payments among other things. During this period, the chancellor entered an order of withholding from Clyde's wages for child-support payments.

¶6. On November 21, 2014, Clyde filed a petition pursuant to Rule 60(b) entitled "motion for review and relief from final judgment for contempt and modification." A hearing on the matter occurred on February 19, 2015. In an order dated April 2, 2015, the chancellor granted Clyde's petition for relief in part by reducing his child-support payments due to a calculation error. Clyde was ordered to pay $1,234.88 per month in child support. Because the chancellor found Clyde in contempt again for failure to abide by the court's prior orders, the chancellor declined to review Clyde's other claims regarding modification of child support. The chancellor found that Clyde owed $7,852.64 in back child support; made derogatory remarks about Rebecca to the children; interfered with Rebecca's parental rights; and failed to maintain adequate medical and dental insurance for the children as ordered. The chancellor also awarded Rebecca attorney's fees. As before, the chancellor determined that Clyde should be incarcerated but scheduled a review hearing on May 26, 2015, to allow

Clyde to purge himself of contempt prior to being incarcerated.

¶7. According to the docket entries, this hearing did not occur. Instead, Clyde filed a notice of appeal on May 1, 2015, and posted a supersedeas bond of $12,856.43. In his brief, Clyde contends that the chancellor erred by ordering him to obtain additional health insurance for his children and by failing to reduce his child-support payments. Rebecca requests attorney's fees on appeal.

## STANDARD OF REVIEW

¶8. Our review of Rule 60(b) motions is limited. *Pride v. Pride*, 154 So. 3d 70, 74 (¶6) (Miss. Ct. App. 2014). "We will not reverse a trial court's decision to deny relief under Rule 60(b) unless the trial court abused its sound discretion." *Id.* "Additionally, the allegations and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled." *Id.*

## DISCUSSION

### I. Health Insurance

¶9. Clyde contends that by ordering him to obtain health insurance for his children, the chancellor created a new mandatory requirement and violated state law. Clyde argues that he had already obtained sufficient health insurance for his children and requiring him to obtain different health insurance created a new "gold standard" insurance requirement. According to Clyde, the children were insured through his current wife's employer in Oregon. Rebecca testified that the deductible of $3,000 was too high, and she had difficulty finding in-network providers in the Hattiesburg area. And the dental insurance purportedly

4

provided by Clyde was in reality a discount program, not insurance. However, Clyde testified that he had dental insurance for the children, but the insurance only covered the children in Oregon, not Mississippi.[1] Clyde also testified that he had unsuccessfully tried to find other health-insurance options for the children, including dental insurance. Rebecca states the November 2, 2012 order[2] required Clyde to provide medical insurance (including dental) to the children in Mississippi with a reasonable deductible.

¶10.    Clyde also argues that the chancellor committed reversible error by failing to make specific findings when he ordered Clyde to provide the children's health and dental insurance. According to Mississippi Code Annotated section 43-19-101(6) (Rev. 2015),

> All orders involving support of minor children, as a matter of law, shall include reasonable medical support. . . .  In any case in which the support of any child is involved, the court shall make the following findings either on the record or in the judgment:
>
> (a) The availability to all parties of health insurance coverage for the child(ren);
>
> (b) The cost of health insurance coverage to all parties.
>
> The court shall then make appropriate provisions in the judgment for the provision of health insurance coverage for the child(ren) in the manner that is in the best interests of the child(ren).

We reiterate that this appeal stems from the denial of a Rule 60(b) motion, not a motion for modification. And Clyde never appealed either the initial judgment of divorce or the

---

[1] Since the original order of divorce was not included in the record, the visitation schedule is unclear. But it appears the children spent much of the summer in Oregon with Clyde, and Clyde comes to Mississippi for visitation during the school year.

[2] We reiterate that this order was not included in the record on appeal. But the order is referred to throughout the hearings.

November 2, 2012 order. As stated before, Clyde did not include the original judgment of divorce or a transcript of the hearing in the record. In this instance, Clyde failed to follow the chancellor's order and was given numerous opportunities to do so. Since our review of Rule 60(b) motions is limited, we cannot find that the chancellor abused his discretion in denying Clyde's request for relief.

## II.    Child Support

¶11.    Clyde contends the chancellor erred in failing to reduce his child-support payments based upon his inability to pay. The chancellor did reduce Clyde's support due to a calculation error. However, the chancellor declined to review Clyde's request for relief since Clyde had not filed a motion for modification—only a Rule 60(b) motion—and he came into court with unclean hands. The chancellor stated, "as the Court AGAIN finds [Clyde] to be in civil contempt of this court, he will not receive consideration for affirmative relief until such time as he purges himself of contempt and can come into court with clean hands." (Emphasis in original).

¶12.    Once child-support payments become due, they become vested and cannot be modified. *Cumberland v. Cumberland*, 564 So. 2d 839, 847 (Miss. 1990). A party who cannot meet his child-support payments should promptly file a motion for modification. *Thurman v. Thurman*, 559 So. 2d 1014, 1016 (Miss. 1990). In this instance, Clyde never filed a motion for modification. Rather he continually failed to pay his monthly child support and only sought relief via a Rule 60(b) motion. Here, the chancellor granted the limited relief available under a Rule 60(b) motion—the correction of a calculation error. We can

6

find no abuse of discretion by the chancellor in denying Clyde's request for relief.

### III. Attorney's Fees

¶13. Rebecca requests attorney's fees on appeal. When allowed, this Court has generally granted attorney's fees in the amount of one-half of what was awarded in the chancery court. *Lauro v. Lauro*, 924 So. 2d 584, 592 (¶33) (Miss. Ct. App. 2006) (citing *Monroe v. Monroe*, 745 So. 2d 249, 253 (¶17) (Miss. 1999)). The award of attorney's fees is based on necessity rather than entitlement. *Id.* The chancellor awarded Rebecca $2,432.50 in attorney's fees. Therefore, this Court awards $1,216.25 to Rebecca for her attorney's fees associated with the costs of this appeal.

¶14. **THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**